IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM R. JOBES, Inmate<br># S05589,<br><br>                Plaintiff,<br><br>vs.<br><br>LILLIAN OVERALL,<br>REBECCA STEFANI,<br>R. DILDAY,<br>MAJOR WESTERMOR,<br>LT. PAGE, and<br>C/O JONES,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 12-cv-110-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

      Plaintiff Jobes brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was housed at Menard Correctional Center. At the time the complaint was filed, Plaintiff was serving a two year sentence for obstruction of justice and one year for wire-tapping.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] Plaintiff was paroled on July 3, 2012. *Offender Search: Inmate Search*, Illinois Department of Corrections, http://www2.illinois.gov/IDOC/OFFENDER/Pages/Inmate Search.aspx (last visited Jul. 11, 2012).

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to dismissal.

**The Complaint**

These allegations are taken from Plaintiff's complaint. Plaintiff alleges that Defendant Lillian Overall,[2] named in the caption but described in the complaint only as "dentist," was deliberately indifferent to his medical needs. He states that he was seen by the dentist on November 17, 2011. The dentist determined that three of Plaintiff's teeth were abscessed and needed to be pulled, but only gave him Keflex[3] and Tylenol for pain. From November 17, 2011, through January 4, 2012, Plaintiff made an estimated twenty requests to have the three teeth pulled, but was never called to the health care unit. Plaintiff departed for a court appearance on January 4, 2012. He returned on January 19, 2012, and woke up the next day with one side of his face swollen from the abscessed teeth. Plaintiff went to the health care unit from January 20, 2012, through January 27, 2012. He received Tylenol for pain and other medications for infection. Plaintiff states that during his stay in the health care unit, he also had seven holes put in his arms from elbow to hands on both sides.

Plaintiff states that on January 21, 2012, Defendant Rebecca Stefani wrote a false disciplinary report that Plaintiff would not follow the physician's orders. Plaintiff does not describe the details of the incident in question, referring instead to an illegible attachment to the complaint. Due to the report, Defendant Major R. Dilday placed Plaintiff in temporary confinement. Plaintiff also names as defendants Major

---

[2] Defendant Overall was named twice by Plaintiff in the caption. The Court will construe these as one defendant.
[3] Keflex, a brand of cephalexin, is a cephalosporin antibiotic used to treat bacterial infections. *Pubmed Health*, U.S. National Library of Medicine, http://www.ncbi.nlm.nih.gov/pubmedhealth/ PMH0000762/ (last reviewed Sep. 1, 2010).

Westermor and Lt. Page, since they "did the same as [Defendant Dilday] did" (Doc. 1, p. 11). Defendant C/O Jones gave false allegations that he witnessed the incident.

On January 26, 2012, the adjustment committee held a hearing regarding Plaintiff's ticket. The committee refused to hear Plaintiff or his witness and gave him two months segregation, commissary restriction, demotion to C grade, and halted his transfer to Centralia Correctional Center.

Plaintiff seeks as relief appointment of counsel, compensatory and punitive damages, dental treatment from without the prison, and miscellaneous injunctive relief.

### Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

### Count 1 - Deliberate Indifference

Plaintiff alleges that a dentist, believed to be Defendant Lillian Overall from the caption, determined that three of Plaintiff's teeth were abscessed and needed to be pulled, but only gave him Keflex and Tylenol for pain. Plaintiff believes that Defendant Overall was thus deliberately indifferent to his medical needs. From November 17, 2011, through January 4, 2012, Plaintiff made an estimated twenty requests to have the three teeth pulled, but was never called to the health care unit.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. See also *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Furthermore, the Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (allegations that an inmate denied his dentures could not chew his food, making eating difficult, and that he

5

suffered bleeding, headaches, and disfigurement, stated a serious medical need). Plaintiff's symptoms resulting from the broken tooth – ongoing substantial pain and swelling,– arguably meet each of the four *Gutierrez* criteria to establish that he suffered from an objectively serious condition.

As to the subjective component of a deliberate indifference claim, the Supreme Court has stated:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . .  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.  Furthermore, "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) (holding that a three week delay in sending dental care referral, with knowledge of inmate's swollen and infected mouth and suffering, could support a finding of an Eighth Amendment violation).

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").  The Circuit also recognizes that a defendant's inadvertent

6

error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not take sides in disagreements with medical personnel's judgments or techniques).

In the case at bar, Plaintiff has alleged that he informed Defendant Overall medical of his painful condition, and made repeated requests for treatment to her. Nonetheless, Plaintiff received no treatment for the abscessed teeth and had to endure the pain and discomfort for over two months. At this stage, Plaintiff has adequately stated a deliberate indifference claim against Defendant Overall.

Therefore, Plaintiff's claim against Defendant Overall shall proceed.

**Count 2 – Due Process**

   a. **Segregation**

On January 26, 2012, the adjustment committee held a hearing regarding Plaintiff's ticket. The committee refused to hear Plaintiff or his witness and gave him two months segregation, commissary restriction, demotion to C grade, and halted his transfer to Centralia Correctional Center. Plaintiff fails to name any specific defendants for these allegations. The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe complaints, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. If Plaintiff had pled facts sufficient to state a claim for deprivation of due process, this Court would allow him to discover the defendants' identities.

7

> Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

However, the following analysis shows that Plaintiff has failed to state a due process claim.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

The adjustment committee may have violated these requirements when they failed to allow Plaintiff to present his witness at the hearing. However, even if there is shown to be a procedural due process failure according to the *Wolff* factors, the Plaintiff must also show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison

life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For prisoners whose punishment includes being put in disciplinary segregation, under *Sandin*, "the key comparison is between disciplinary segregation and nondisciplinary segregation rather than between disciplinary segregation and the general prison population." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). The Seventh Circuit has recently elaborated two elements for determining whether disciplinary segregation conditions impose atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured by the prisoner during that period." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009) (emphasis in original).

The first prong of this two-part analysis focuses solely on the duration of disciplinary segregation. For relatively short periods of disciplinary segregation, inquiry into specific conditions of confinement is unnecessary. See *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (56 days); *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1997) (70 days) ("a relatively short period when one considers his 12 year prison sentence"). In these cases, the short duration of the disciplinary segregation forecloses any due process liberty interest regardless of the conditions. See *Marion*, 559 F.3d at 698 ("we have affirmed dismissal without requiring a factual inquiry into the conditions of confinement").

Here, Plaintiff served sixty days of disciplinary segregation. The Seventh Circuit recently held that a segregation term of ninety days constitutes the minimum duration to warrant an inquiry into the conditions of confinement. *Younger v. Hulick*, No. 11-2139, 2012 WL 1633032, at *3, (7th Cir. May 10, 2012). Plaintiff's term of sixty days fails to warrant further investigation into the

conditions of segregation. Plaintiff has not pled facts to show a claim for deprivation of due process. Plaintiff shall not proceed to discovery to ascertain the identities of the defendants, and his claim shall be dismissed with prejudice.

### b. Temporary Confinement

Due to the IDR ticket written against Plaintiff, Defendant Dilday placed him in temporary confinement. Plaintiff also names as defendants Major Westermor and Lt. Page, since they "did the same as [Defendant Dilday] did" (Doc. 1, p. 11). Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-1284 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); see generally *Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983). Plaintiff fails to state a claim against these defendants for which relief can be granted. Plaintiff's claim against Defendants Dilday, Westermor, and Page shall be dismissed with prejudice.

### False IDR Ticket

Plaintiff states that on January 21, 2012, Defendant Stefani wrote a false disciplinary report that Plaintiff would not follow the physician's orders. Furthermore, he notes that Defendant Jones gave false allegations of witnessing the incident.

Plaintiff makes no further allegations in the complaint regarding Defendants Stefani or Jones. Even if the report or the testimony were false, Plaintiff still fails to state a constitutional claim. Allegations of false disciplinary reports do not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). The Seventh Circuit Court of Appeals has reasoned that the due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses. A hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report. *Hawkins v. O'Leary*, 729 F.Supp. 600, 602 (N.D. Ill. 1990), relying on *Hanrahan v. Lane*, supra, 747 F.2d at 1141. The procedural requirements of a disciplinary hearing protect prisoners from arbitrary actions of prison officials. *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987). Plaintiff has not identified a constitutional interest in regards to the actions of either Defendant. Defendants Stefani and Jones shall be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS TWOa** and **TWOb** fail to state a claim upon which relief may be granted and are **DISMISSED with prejudice**. Defendants **STEFANI** and **JONES** are **DISMISSED** from this action **without prejudice**. **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **OVERALL** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 10, 2012**

                                            s/ MICHAEL J. REAGAN
                                            Michael J. Reagan
                                            United States District Judge