IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ADAM R. JOBES,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  12-cv-110-MJR-SCW |
| | ) |
| **LILLIAN OVERALL,** | ) |
| | ) |
|        **Defendant(s).** | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This case is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute (Doc. 29). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** the Motion to Dismiss (Doc. XX) and **DISMISS** Plaintiff's case with prejudice.

### II.   Background

Plaintiff, an inmate at Menard Correctional Center at the time he filed his Complaint, filed suit against Lillian Overall for deliberate indifference to his medical needs. Specifically, Plaintiff alleged that three of his teeth were abscessed and needed pulled but that Defendant Overall refused to pull the teeth. On September 10, 2012, the Court allowed Plaintiff's claim against Defendant Overall to proceed after conducting a threshold review under 28 U.S.C. § 1915A (Doc. 11). At that time, the Court also informed Plaintiff of his "continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address" and that failure to comply with the Court's

Order could "result in dismissal of this action for want of prosecution" (*Id.*).  See **FED.R.CIV.P. 41(b); SDIL LOCAL RULE 3.1(b) ("All…plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.").**

Defendant Overall filed her Answer to Plaintiff's Complaint on February 1, 2013 (Doc. 23). Subsequently, on March 25, 2013, Defendant Overall filed the instant Motion to Dismiss for Failure to Prosecute (Doc. 29). Defendant stated that she had sent copies of her Motion for Leave to Answer out of Time, Entries of Appearances for both of her attorneys, her Answer, and her Jury Demand to Menard Correctional Center, where Plaintiff stated he was housed (Doc. 29 ¶ 3). Those documents were returned as undeliverable with a stamp on the envelope from the correctional facility indicating that Plaintiff had been paroled (Doc. 29 ¶ 4; Exs. A & B). On February 4, 2013, Defendant sent copies of her Motion for HIPAA Qualified Protective Order again to Plaintiff's last known address at Menard Correctional Center and, again, those materials were returned as undeliverable (Doc. 29 ¶ 6-7; Ex. C). On February 11, 2013, Defendant sent written discovery to Plaintiff which was also returned with a stamp indicating that Plaintiff was paroled (Doc. 29 ¶ 7; Ex. D). Plaintiff has not updated the Court or Defendants on his current address.

On March 26, 2013, this Court noticed Defendant's motion for an in-court hearing and on March 27, 2013, the notice was sent to Menard Correctional Center as that is the only address the Court has for Plaintiff. Plaintiff was informed that a failure to appear at the hearing would result in dismissal of his case for failure to prosecute (Doc. 31). Plaintiff was given the option to appear by phone or in-person. On April 10, 2013, the notice was returned to the Court as undeliverable (Doc. 33).

On April 16, 2013, the Court held an in-court hearing on Defendant's motion to dismiss (Doc. 29). Plaintiff failed to appear.

### III. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, the Local Rules provide, and Plaintiff was informed in this Court's threshold Order, that he is "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his…location." *See* **LOCAL RULE 3.1(b).** The Court previously warned Plaintiff that his failure to comply with Local Rule 3.1(b) could result in a dismissal of his case (Doc. 11).

While Plaintiff has had ample opportunity to prosecute this case, Plaintiff has failed to file anything in this case since filing his Complaint over one year ago. Plaintiff has also failed to keep the Court appraised of his current whereabouts as he has been released from Menard Correctional Center but has not provided an update to the Clerk's office on his current address. All documents delivered to Plaintiff, by both this Court and Defendant, have been returned as undeliverable because Plaintiff has been paroled from the Illinois Department of Corrections.[1] Plaintiff's current whereabouts are unknown and he failed to appear at the April 16, 2013 hearing on Defendant's motion to dismiss, although he was warned that such a failure would warrant dismissal of his claims. Thus, it is apparent to the undersigned that Plaintiff no longer wishes to prosecute this case as he has failed to properly prosecute his claims or provide the Court with his updated address upon his release from prison. Because of Plaintiff's failures, this Court **RECOMMENDS t**hat Defendant's motion to dismiss (Doc. 29) be **GRANTED** and Plaintiff's Complaint be **DISMISSED with prejudice** for

---

[1] A review of IDOC's inmate search indicates that Plaintiff is paroled with his projected parole date as July 3, 2012.

want of prosecution.

### IV.   Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's motion to dismiss (Doc. 29) and Plaintiff's Complaint be **DISMISSED with prejudice** for want of prosecution.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 **(7th Cir. 2004).**   Accordingly, Objections to this Report and Recommendation must be filed on or before **May 6, 2013.**

**IT IS SO ORDERED**.
DATED: April 16, 2013.

> */s/ Stephen C. Williams*
> STEPHEN C. WILLIAMS
> United States Magistrate Judge