IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM R. JOBES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–0110–MJR–SCW |
| | ) |
| LILLIAN OVERALL, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING CASE**

**REAGAN, District Judge:**

In February 2012, *pro se* Plaintiff Adam Jobes, at the time an inmate at Menard Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. His Complaint named five defendants, but when the undersigned Judge performed a threshold review of the case pursuant to 28 U.S.C. § 1915A, only one claim against one defendant survived: Plaintiff alleged that Defendant Lillian Overall, by refusing to pull three of Plaintiff's abscessed teeth, violated his Eighth Amendment rights because she acted with deliberate indifference to serious medical needs. (Doc. 11). A trial practice schedule was entered and Overall filed an Answer. On March 25, 2013, Overall moved to dismiss for failure to prosecute, since discovery material and court filings had been returned as undeliverable when mailed to Plaintiff's Menard address.

Magistrate Judge Williams set a hearing on the motion for April 16, 2013. Plaintiff was notified of the hearing via US mail (at Menard, his last known address on the docket). Though he was given the option to appear by phone or in person, Plaintiff failed to appear at the hearing. Defendant Overall moved to dismiss the case for lack of prosecution (Doc. 34).

On April 16, 2013, Judge Williams issued a Report (Doc. 35) recommending that the undersigned District Judge grant the March 25 motion to dismiss based on Plaintiff's failure to

1

diligently prosecute his case. The Report was sent to the parties, including to Plaintiff's last known address. Included with the Report was a Notice plainly advising Plaintiff that any objection must be filed no later than May 6, 2013.

As of the close of business on May 10, 2013, no objections were filed by any party. Accordingly, pursuant to 28 U.S.C. § 636(b), the undersigned Judge need not conduct *de novo* review of Judge Williams' Report and Recommendation. **28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn*, 474 U.S. 140 (1985); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

The Court hereby **ADOPTS** in its entirety Judge Williams' Report & Recommendation (**Doc. 35**), and **GRANTS** Defendant's motion to dismiss (**Doc. 29**). Dismissal of this entire case shall be *with prejudice*. *See Lucien v. Brewer*, **9 F.3d 26, 28 (7th Cir. 1993) (dismissal is a "feeble sanction" if it is without prejudice).** All settings are hereby terminated. Judgment shall be entered, and the case shall be closed.

    IT IS SO ORDERED.

    DATED: May 13, 2013

                              */s/ Michael J. Reagan*
                              **Michael J. Reagan**
                              UNITED STATES DISTRICT JUDGE